# EXHIBIT F

MARYLAND SURPLUS LINES NOTICE

**THIS INSURANCE IS ISSUED BY A NONADMITTED INSURER NOT UNDER THE JURISDICTION OF THE MARYLAND INSURANCE COMMISSIONER.**

SNMD 0314                                        Page 1

**001**

<u>MARYLAND SURPLUS LINES DISCLOSURE NOTICE</u>
COMAR 31.03.06.09

**Please Read the Following Carefully Before Purchasing Insurance From a Surplus Lines Insurer.**

This policy is issued by a surplus lines insurer that has been approved by the Maryland Insurance Administration to issue insurance policies in the surplus lines insurance market. Surplus lines insurers are not under the jurisdiction of the Maryland Insurance Administration and do not possess a certificate of authority to transact insurance business in the State of Maryland. Because surplus lines insurers are not under the jurisdiction of the Maryland Insurance Administration, your ability to seek assistance from the State if you have a problem with your insurance company is limited.

Property and Casualty Insurance Guaranty Corporation and Maryland Life and Health Insurance Guaranty Corporation provide funds that permit certain claimants or policyholders to receive payment of covered claims if their insurance company becomes insolvent (i.e., bankrupt) and is unable to pay the claims. However, these funds do not apply to surplus lines insurers, as a surplus lines insurer is not a member insurer of the Property and Casualty Insurance Guaranty Corporation or the Maryland Life and Health Insurance Guaranty Corporation. If a surplus lines insurer becomes insolvent (i.e. bankrupt), any claim that you have against the surplus lines insurer will not be covered by the funds administered by Property and Casualty Insurance Guaranty Corporation and Maryland Life and Health Insurance Guaranty Corporation.

If you have any questions regarding this disclosure or surplus lines insurance, please contact the Maryland Insurance Administration at 410-468-2340.

SNMD Disclosure 0618          Page 1 of 1

002

**PROFESSIONAL LIABILITY INSURANCE POLICY**
PHYSICIANS AND SURGEONS DECLARATIONS





**POLICY NUMBER: MM00NRA21**
**Renewal of:** New

### This is a Claims-Made and Reported Policy

| COMPANY | PRODUCER |
|---|---|
| Aspen Specialty Insurance Company<br>590 Madison Avenue, 7th Floor<br>New York, NY 10022<br>(877) 245-3510 | Worldwide Facilities, LLC<br>725 South Figueroa Street<br>19th Floor<br>Los Angeles, CA 90017 |

**INSURED INFORMATION**

| | | | |
|---|---|---|---|
| **Named Insured** | Jeffrey Dormu, DO | | |
| **Mailing Address** | 9201 Cherry Lane<br>Laurel, MD 20708 | | |
| **Medical Specialty** | Cardiovascular Disease - Minor Surgery | **Code:** | 80281 |

**POLICY PERIOD**

| | | | |
|---|---|---|---|
| **Effective Date:** | 10/09/2021 | **Expiration Date:** | 10/09/2022 |

*EFFECTIVE AT 12:01 A.M. TIME AT THE ADDRESS OF THE **NAMED INSURED** SHOWN ABOVE*

| | |
|---|---|
| **Retroactive Date:** | 10/09/2007 |

*THIS POLICY WILL NOT PROVIDE COVERAGE FOR ANY **CLAIM** ARISING OUT OF ANY **PROFESSIONAL SERVICES** PROVIDED BEFORE THE **RETROACTIVE DATE**.*

**LIMITS OF LIABILITY**

*The Limits of Liability are shared by all **insureds**.*

| | |
|---|---|
| **Per Claim** | $1,000,000 |
| **Annual Aggregate** | $3,000,000 |
| | |
| **Deductible**<br>*Applies to each and every **claim*** | $10,000 |

**EXTENDED REPORTING PERIOD**

| | |
|---|---|
| 12 Months | 150% of full annual premium |
| 36 Months | 200% of full annual premium |
| 60 Months | 250% of full annual premium |
| DDR | Prem waiver in cases of death, disability and retirement (age 55 with 5 years vested) |

**PREMIUM**

| | |
|---|---|
| **Policy Premium** | |

25% minimum earned premium; no flat cancellation.

**SCHEDULE OF NAMED INSUREDS**

| Named Insured | Medical Specialty | Code | Eff Date | Retro Date |
|---|---|---|---|---|
| Jeffrey Dormu, DO | Cardiovascular Disease - Minor Surgery | 80281 | 10/09/2021 | 10/09/2007 |

| FORMS & ENDORSEMENTS |
| --- |
| FORMS AND ENDORSEMENTS ATTACHED TO THIS POLICY:  See Schedule of Forms and Endorsements |

This Declarations page, together with the Application for this policy, the attached policy form and all Endorsements thereto, shall constitute the contract between **us** and the **insured**.  The policy is valid only if signed below by **our** duly authorized representative.

In witness whereof, **we** caused this policy to be signed below by **our** duly authorized representative.

ISSUE DATE:  10/28/2021

By: _____
(Authorized Representative)

## SCHEDULE OF FORMS AND ENDORSEMENTS

| FORM NUMBER | FORM NAME |
| --- | --- |
| SNMD 0314 | Maryland Surplus Lines Notice |
| SNMD 0618 | Maryland Surplus Lines Disclosure Notice |
| ASPML001 1016 | Declarations Page |
| ASPML005 0118 | Professional Liability Insurance Policy for Physician and Surgeons |
| ASPCO098 0213 | Signature Page |
| ASPCO002 0715 | General Service Of Suit Notice |
| ASPCO021 0616 | OFAC ENDORSEMENT |
| ASPML006 1016 | Notice of Incident |
| ASPML008 1016 | Supplementary Payments |
| ASPML012 1016 | Limited Consent to Settle Endorsement |
| ASPML014 1016 | Extended Reporting Period Optional Provisions Endorsement |
| ASPML015 1016 | General Change Endorsement |
| ASPML025 1016 | Exclusion of Specified Claimant or Circumstance |
| ASPML030 1016 | Additional Insured Endorsement |

Aspen Specialty Insurance Company                    Page 1

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



**ASPEN SPECIALTY INSURANCE COMPANY**
**590 MADISON AVENUE, 7TH FLOOR**
**NEW YORK, NY 10022**
(A stock insurance company)

IMPORTANT NOTICE: This is a Claims Made and Reported as well as a non-assessable policy.  Please read it carefully.  The coverage provided by this policy is limited to liability for **claims** first made against **you** during the **policy period** for **professional services** rendered entirely on or after the **retroactive date** stated on the Declarations; provided that such **claims** are first reported in writing by **you** to **us** during the **policy period**, unless an Extended Reporting Period Endorsement is purchased, which provides an additional period in which to report covered **claims**.

**IN THE EVENT OF A CLAIM:**

Please report **claims** immediately to **your** agent or broker or directly to **our** claims adjustors:

Email: aspenmedes@bbprograms.com

Fax:  888-239-2663

**You** must give notice of any **claim** first made against **you** during the **policy period** immediately, but in no event any later than thirty (30) days after **you** first become aware of such **claim** or the end of the **policy period**, whichever is sooner.  Failure to report **claims** promptly may result in a denial of coverage.

## THIS POLICY IS NOT EFFECTIVE UNLESS A DECLARATIONS IS ATTACHED

## Section I. Definitions

Throughout this policy **you** and **your** mean any **insured** under this policy.  **We**, **our** and **us** means Aspen Specialty Insurance Company.

Other words and phrases with special meanings are defined below.  They are bold faced when used in this policy (which includes any **endorsements**).

A.  **Abuse** means assault, battery, molestation of any kind, whether physical, mental, or emotional.

B.  **Application** means all materials and information, including all signed **applications** and any materials attached thereto or incorporated therein, submitted by or on behalf of the **insureds** in connection with the underwriting of this policy or any policy of which this policy is a direct or indirect renewal or replacement.  All such **applications**, attachments and materials are deemed attached to and incorporated into this policy.

C.  **Attempted concealment** means an act or instance of making an effort to accomplish **Concealment**, with or without success.

D.  **Claim** means a written demand for money or services received by **you** alleging an **injury** caused by an **incident** to which this insurance applies.  **Claim** does not include a demand for non-monetary or injunctive relief or any criminal proceeding.  **Claims** can only arise from **professional services** within **your** profession as described on the Declarations.

ASPML005 0118        2018 © Aspen Insurance U.S. Services Inc. All rights reserved.        Page 1 of 11

E.  **Claim expenses** means all expenses, costs and attorneys' fees incurred by **us** in the investigation, discovery, adjustment defense, arbitration, settlement or appeal of any **claim** covered by this policy.  **Claim expenses** include:

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



1.  All court costs taxed against **you** in any **claim** or **suit** defended by **us**;

2.  Any interest incurred on that portion of a judgment covered under this policy and within the applicable Limits of Liability; and

3.  Premiums on appeal bonds and premiums on bonds to release attachments in any **suit** subject to defense under this policy.  The bonds must be for an amount not more than the limit of **our** liability.  However, **we** have no obligation to furnish or obtain these bonds.

F.  **Concealment** means withholding from **us** or the patient, material facts or information that, in good faith, ought to be disclosed or will increase **our** risk.

G.  **Damage(s)** means the monetary portion of any judgment, award or settlement, which **you** are legally obligated to pay, but does not include:

1.  Any damages that are a multiple of compensatory damages, fines, penalties or sanctions;

2.  Judgments or awards considered uninsurable by law;

3.  Any form of equitable or non-monetary relief or fees, costs, expenses paid to or incurred or charged by an **insured**;

4.  Payment for **professional services**;

5.  **Your** salaries and expenses or those of **your** employees or **ostensible employees**; or

6.  Bail bonds.

H.  **Endorsement(s)** means documents attached to this policy which contain information not included in this policy or information which changes this policy.  **Endorsements** become a part of the policy upon issuance.  **Endorsements** may contain state specific requirements regarding coverage under this policy.

I.  **Fiduciary duty** means the duty that arises when the business transacted, money or property handled, is not **your** own or for **your** benefit, but for the benefit of another person, to whom **you** stand in a relationship implying and necessitating confidence, trust and good faith, whether or not that duty arises by matter of law, contract or otherwise. This includes duties which may arise as a fiduciary under the Employee Retirement Income Security Act of 1974 or any of its amendments.

J.  **Incident** means any act, error, or omission, or misstatement or misleading statement by **you** in the rendering of or failure to render **professional services**.  All such acts, errors, or omissions causally related to the rendering of or failure to render **professional services** shall be considered one **incident**.  An **incident** shall be deemed to have occurred at the time of the earliest act, error, or omission comprising that **incident**. An **incident** shall not be deemed a **claim** unless **you** receive a written demand for money or services or a Notice of Incident Endorsement is attached to this policy.

K.  **Injury** means bodily injury, sickness, disease or death sustained by any one person.

L.  **Insured** means a person or entity qualified under Section IV**.** The Insured

M.  **Locum tenens** means a health care provider temporarily serving in the place of an **insured**, provided that such **locum tenens** does not provide **professional services** at the same time as the **insured** being replaced.  **Locum tenens** providers must be trained and practicing in the same specialty as the **insureds** for whom they are substituting.

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



**N.**  **Named insured** means a physician or entity so designated in the Declarations Page of this policy.

**O.**  **Ostensible employee** means a person other than a physician who provides healthcare services on behalf of the **insured's** medical practice, including but not limited to independent contractors, students and volunteers.

**P.**  **Policy period** means the period of time shown on the Declarations or its earlier termination date, if any.

**Q.**  **Professional services** means healthcare services that **you** provide in the context of a doctor-patient relationship including diagnoses, medical opinions, consultation and medical care.

**R.**  **Retroactive date** means the date on which **your** coverage begins; **you** are covered only for **professional services** that **you** provide entirely on or after this date.

**S.**  **Sexual misconduct** means sexual impropriety, sexual intimacy, sexual assault, sexual **abuse**, sexual molestation, sexual harassment, or sexual acts including licentious, immoral or amoral behavior, whether committed with the belief, erroneous or otherwise, that the other party had consented and had the legal and mental capacity to consent to such sexual acts.

**T.**  **Suit** means a civil proceeding that seeks **damages** which, if awarded, would be covered by this policy. **Suit** includes: an arbitration proceeding, any alternative dispute resolution proceeding, or a pre-suit, screening panel, or similar proceeding mandated by law.

## Section II. Coverage Agreement

In consideration of the payment of the premium and Deductible, and in reliance upon the statements in the application, which is made a part hereof and deemed attached hereto, and subject to the Declarations and all terms of this policy, we agree as follows:

Within the Limits of Liability shown on the Declarations and in excess of the deductible w**e** will pay on **your** behalf all sums **you** become legally obligated to pay as **damages** as a result of a **claim** or **suit** first made against **you** or against any physician or person for whom **you** are legally responsible and reported to **us** during the **policy period** because of an **injury** caused by an **incident**; provided that:

**a.**  Any **incident** must occur on or after the **retroactive date** and before the end of the **policy period**;

**b.**  Prior to the inception of this policy, no **insured** had a reasonable basis to believe: (1) that a professional duty had been breached; or (2) that an **incident** might reasonably be expected to be the basis of a **claim** or **suit** against any **insured**;

**c.**  **You** report the **claim** immediately but in no event later than thirty (30) after **you** first become aware of such **claim** or the end of the **policy period** whichever is sooner; and

**d.**  An **insured** receives a written demand for money or services.

## Section III. Defense and Settlement Clause

**We** have the right and duty to defend any **claim** or **suit** brought seeking **damages** against the **insured** for an **injury** caused by an **incident** covered by this policy. **We** have the right to appoint counsel and **we** may investigate any **claim** made or **suit** brought: **We** have the right to settle any **claim or suit** at **our** discretion. When required by law **we** will report **claim** settlements and judgements to the National Practitioners Data Bank or to other professional or governmental agencies.

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



**We** shall have no further defense under this policy after the applicable Limits of Liability, as stated on the Declarations, have been exhausted by the payment of judgments, settlements or **claim expenses**. **Claim expenses** are part of and not in addition to the Limits of Liability.

## Section IV. The Insured

The **insureds** under this policy are:

**A.** The **named insured**;

**B.** In the event of the **named insured's** death, total and permanent disability or bankruptcy the **named insured's** heirs, executors, administrators, assigns or legal representatives;

**C.** A person or entity identified in the Schedule of Insureds shown on the Declarations;

**D.** A person or entity added by applicable **endorsement**;

**E.** A single physician **insured's** wholly owned professional association (PA) or professional corporation (PC);

**F.** Any associate, officer, director or proprietary member of an entity designated as an **insured** on the Declarations or an **endorsement** attached to this Policy but only with respect to liability for **professional services** performed by others in the practice of medicine. However, only one Limit of Liability for the insured entity, as set forth in the Declarations and in Section VII. Limits of Liability of this policy, shall be applicable, and there shall not be separate Limits of Liability regardless of the number of such **insureds** under this policy;

**G.** Any other of **your** employees or **ostensible employees** not specifically included on the Declarations, but only while such other employee or **ostensible employee** is acting within the scope of his or her employment duties, under the direction and supervision of **you**, provided that coverage afforded for such other employees shall not apply to physicians, unless specifically listed on the Declarations for this policy, or by **endorsement** to this policy; and

**H.** **Locum tenens** temporarily serving in the place of an **insured**, but only:

    **1.** After **we** have received and approved all requested information about the **locum tenens** physician and affirmed coverage in writing; and

    **2.** If such **locum tenens** is licensed to perform **professional services** in the jurisdiction in which **professional services** are being performed,

    provided that **locum tenens** coverage under this policy for any one **insured** shall not exceed thirty (30) days per **policy period**.

## Section V. Territory

The coverage territory is worldwide however, regardless of **your** location **we** will neither defend nor pay **damages** for **suits** filed outside of The United States of America, its territories and possessions, Puerto Rico or Canada.

## Section VI. Exclusions

Despite any other provision of this policy, this policy does not apply to any **claim** arising out of, based upon or attributable to, in whole or in part, or in any way involving, any of the following:

009

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



**A.** An act or omission violating any federal or state statute, or any county or municipal ordinance governing the commission of a crime and any dishonest, fraudulent, malicious, knowing, wrongful, or intentional acts, errors or omissions committed by **you** or at **your** direction;

**B.** The providing of **professional services** when or where

    **1.** **You** are not properly licensed to practice;

    **2.** **Your** applicable license has been suspended, revoked or surrendered; or

    **3.** **You** are practicing in a manner which constitutes a violation of any restriction imposed upon **your** license;

**C.** Prescribing or dispensing controlled substances while **your** license or registration to prescribe or dispense these substances is not in effect;

**D.** The providing of any services which are outside the scope of **your** specialty classification as identified on the Declarations, or as stated in any **application** for this insurance, and as further defined by any applicable statute or regulation;

**E.** Any **claim** that in any way involves:

    **1.** Any fact, circumstance or situation which has been the subject of any notice given under any policy of which this policy is a direct or indirect renewal or replacement;

    **2.** Any **incident** which occurred while **you** were insured under an occurrence policy;

    **3.** Any **incident** which, prior to the inception of this policy, any **insured** had a reasonable basis to believe: (1) that a professional duty had been breached; or (2) that an **incident** might reasonably be expected to be the basis of a **claim** or **suit** against any **insured**;

**F.** Any **claim** or **suit** brought by a patient where, prior to the inception of this policy, a patient or a legal representative of a patient requested the patient's medical records from **you** or **your** medical practice;

**G.** Any vicarious liability arising from the provision of or failure to provide **professional services** by any health care provider or other person or entity which is not under **your** direct supervision, or is not an employee or **ostensible employee** of **yours**;

**H.** Libel, slander, oral or written publication of defamatory or disparaging material, invasion of privacy, wrongful entry or eviction, violation of rights of occupancy, false arrest, false imprisonment, malicious prosecution, malicious use of or abuse of process, assault, battery, or any resulting loss of consortium, disability, shock, humiliation, embarrassment, mental injury or anguish, emotional distress or **injury** to personal or business reputation or character;

**I.** Any **abuse** or **sexual misconduct**, regardless of whether or not such **abuse** or **sexual misconduct** was committed in conjunction with or under the guise of **professional services**;

**J.** The provision of **professional services** while **you**, or any other **insured** for whose acts or omissions **you** are legally responsible, is under the influence of alcohol, drugs, or other intoxicants;

**K.** Any liability arising out of any employment dispute;  Personal injury, sickness, disease or death of any employee or **ostensible employee** of **yours** if the personal injury, sickness, disease or death arises from the course of the employee or **ostensible employee's** employment by **you**;

010

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



**L.**  Any obligation for which **you** or **your** insurer, self-insured fund or plan, may be liable under any worker's compensation, occupational disease, unemployment compensation, disability benefits, or other similar plan;

**M.**  Any liability for the acts of another assumed by **you** under any contract or agreement.  However, this exclusion does not apply to **your** alleged negligence arising out of providing or failing to provide **professional services** under contract with any:

    **1.**  Health Maintenance Organization (HMO);

    **2.**  Preferred Provider Organization (PPO);

    **3.**  Independent Practice Association (IPA);

    **4.**  Accountable Care Organization (ACO); or

    **5.**  Other similar organization.

**N.**  Any liability in the event **you**, or someone **you** instruct or supervise, fraudulently alters, defaces or falsifies any record whether intentionally or unintentionally.  This includes **concealment** or **attempted concealment** of any act or omission of **yours** relating to a **claim** for **damages** under this policy;

**O.**  Any liability resulting from medical **injury** to **you**, **your** employees or the spouse, child, parent, brother or sister of **you** or **your** employees; provided that this exclusion shall not apply to **professional services** provided to **your** patient who is also an employee, or employee's spouse, child, parent, brother or sister;

**P.**  Any **claim** under an Unfair Trade Practices Act, workers compensation statute or any other similar statutes or any **claim** made under Title 18 of the United States Code, sections 1962 to 1964, otherwise called the RICO laws;

**Q.**  Any liability for fines, penalties imposed by law, or for matters or amounts uninsurable under the law pursuant to which this policy is construed, unless the law of the state in which **you** are licensed to practice prohibits such an exclusion;

**R.**  Any liability arising out of the discharge, dispersal, seepage, migration, release or escape of vapors, soot, acids, alkalis, toxic chemicals, liquids or gases, waste or hazardous materials or other irritants, contaminants, or pollutants;

**S.**  Any liability arising out of the hazardous properties of nuclear material or in connection with any nuclear facility however caused;

**T.**  **1.**  **Your** breach of **fiduciary duty**;

    **2.**  **Your** actual gaining of personal profit, or advantage to which **you** are not legally entitled;

    **3.**  Remuneration paid to **you** if such payment is held by the courts to be in violation of the law;

    **4.**  **Your** alleged or actual involvement in any:

        **a.**  Anti-trust law violation; or

        **b.**  Agreement or conspiracy to restrain trade;

    **5.**  The failure to collect contributions owed to any employee benefit plan or the failure to return any contributions if such amounts are, or could be, chargeable to the employee benefit plan; or

    **6.**  Benefits payable or paid to a participant or beneficiary of an employee benefit plan;

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



**U.** Whether directly or indirectly, improperly authored, published, promulgated or released medical research data, studies or results or other text or other media provided by or on **your** behalf;

**V.** Any liability arising from the design, manufacture, use, distribution, promotion, or sale of any non-FDA approved medication, device or equipment, or protocols or any liability resulting from experimental or investigative procedures or practice modalities;

**W.** Any duties as a medical director for any facility or medical institution or practice, other than **your** own practice, unless specifically agreed to by **us**;

**X.** Any duties or medical practice at a government owned facility, including correctional facilities, unless specifically agreed to by **us**;

**Y.** Any **claim** arising from a guarantee of cure or results of **professional services** provided by **you**.

### Section VII. Limits of Liability

**A.** **Our** Limits of Liability for **damages** and **claim expenses** for each **claim** first made against **you** during the **policy period** for which this coverage applies shall not exceed the amount stated as the Per Claim Limits of Liability in the Declarations for each **named insured**, regardless of the number of: (a) claimants or persons who sustain **damages**; (b) demands made (including **suits** brought); (c) policies issued by **us**; or (d) number of policy years during which treatment was rendered.

**B.** **Our** total liability for all **damages** for all **claims** first made against **you** during a **policy period** for which this coverage applies shall not exceed the amount stated as the applicable Aggregate Limits of Liability in the Declarations, regardless of the number of: (a) **claims**; (b) **insureds**; (c) claimants or persons who sustain **damages**; (d) policies issued by **us**; or (e) number of policy years during which treatment was rendered.

**C.** If both mother and child (including multiple births) make **claims** against **you** alleging two or more causes of action or related **professional services,** both mother and child shall be considered one patient for the purposes of determining the Per Claim Limits of Liability applicable when such **claims** are made against **you.**

**D.** If **you** are afforded coverage for a **claim** under another policy **we** have issued, then in no event will **we** pay **damages** or **claim expenses** in an amount greater than the highest Limits of Liability available under any one policy **we** issued and under which **you** are entitled to coverage.

The Per Claim Limits of Liability shown on the Declarations is the most **we** will pay for any one **claim** for all **damages** and **claim expenses**, including those sustained by other persons. **Claim expenses** reduce the Limits of Liability unless a Supplementary Payments Endorsement is attached to the policy. **Damages** sustained by other persons include, but are not limited to, **damages** for loss of services, loss of consortium, wrongful death and emotional distress. The Limits of Liability applicable to any **claim** is the limit in effect on either the date that a **claim** is made.

Unless otherwise provided for in this policy, if there are multiple **insureds**, the Declarations will identify in the Schedule of Insureds those **insureds** which have separate limits of liability. Non-physician employees and physician **insureds'** professional associations and professional corporations who are **insureds** pursuant to Section IV. The Insured, will not be individually identified on the Declarations, but will share the limit of the **insured**. If more than one **insured** is responsible for the actions of the employee, the employee and the responsible **insureds** will share only one Limit of Liability as set forth in the Declarations and in Section VII. Limits of Liability of this policy. **Locum tenens** who are insured pursuant to Section IV. The Insured, will not be individually identified on the Declarations, but will share the limit of the **insured** for whom they are substituting.

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



## Section VIII. Deductible

If a deductible is indicated on the Declarations the following conditions are applicable:

A.  The deductible is a part of and not in addition to the Limits of Liability.

B.  The deductible is applicable to each and every **claim**. The deductible is applicable to both **claim expenses** and **damages**; and

C.  The deductible must be paid within ten (10) days of a written demand made by **us**. Failure to pay a deductible will nullify and terminate coverage for the reported **claim** and **we** may cancel the policy for non-payment of the deductible. If **you** fail to pay a deductible within ten (10) days **we** have no duty to defend **you** or any obligation to pay **damages** or **claim expenses**. Upon policy termination any monies returnable to **you** will first be applied to any unpaid deductible. All deductibles must be paid in full before an Extended Reporting Period (ERP) Endorsement is issued.

## Section IX. Conditions

A.  Notice of **Claim** or S**uit**. As a condition precedent to coverage under this policy, **you** must give notice of any **claim** for an **injury** first made against **you** during the **policy period** immediately, but in no event any later than thirty (30) days after **you** first become aware of such **claim** or the end of the **policy period**, whichever is sooner. The notice shall contain information sufficient to identify the **insured** as to the time, place and circumstances of the alleged **injury**. The name and address of the person claiming an **injury** and of any witness to the **injury** also shall be included in the notice. If a **suit** is brought against **you**, **you** must immediately forward to **us** every demand notice, summons, complaint or other process alleging **injury** caused by **you** or **your** representative.

B.  Electronic **Claim** Reporting. **You** may report **claims** to **us** electronically using the email address on page 1 of this policy.

C.  **Claims** or **Incidents** disclosed on a renewal **application**. Disclosing a **claim** or an **incident** on a renewal application or Claim Information Supplement does not qualify as notice of a **claim** being made and reported to **us**. **You** must follow the **claim** reporting instructions indicated on page 1 of this policy.

D.  Assistance and Cooperation of the **Insured**. **You** shall cooperate with **us**. Cooperation by **you** includes acceptance of correspondence from **us** by the US Mail or any other public or private means of delivery. Upon **our** request, **you** shall agree to an examination by **us** under oath, attend hearings and trials and assist in making settlements. If requested, **you** shall also secure and give evidence, including medical records and other documentation, report facts, obtain the attendance of witnesses and otherwise assist in the conduct of **suits**. Also, upon request, **you** will help enforce any right of contribution, indemnity or apportionment that **you** might have so that **we** might exercise those rights in **your** name. **You** shall do nothing to prejudice **our** defense of any **suit**. **You** shall not enter into any oral or written contracts or agreements that in any way impair or waive **our** rights of defense.

E.  Action Against **Us**. No legal action may be brought against **us** until there has been full compliance with all the terms of this policy by **you**. In addition, no legal action may be brought against **us** until the amount of **your** obligation to pay is finally determined either by judgment after trial or by written agreement between the claimant and **us** or **you** with **our** approval.

No other person or organization has any right under this policy to make **us** a party to any action to decide **your** liability.

F.  Other Insurance. If **you** have other insurance that is applicable to any **claim** covered under this policy, then this policy shall cover such **claim** subject to its limitations, conditions, provisions and other terms, only in excess of the amount of such other insurance, whether such other insurance is stated to be primary, contributory, excess, contingent or

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



otherwise, and whether such other insurance obligates **us** thereto with a duty to defend, unless such other insurance is written only as specific excess insurance over the Limits of Liability provided in this policy.

**G.** Subrogation. If any payment is made under this policy, **we** shall be subrogated to all **your** rights of recovery against any person or organization. **You** shall execute and deliver instruments and papers and do whatever necessary to secure such rights. **You** shall do nothing to prejudice those rights.

**H.** Changes. Notice to any person or knowledge possessed by any person shall not cause a wavier or change in any part of this policy or stop **us** from asserting any right under the terms of this policy. The terms of this policy may only be waived or changed by **endorsement**.

**I.** Cancellation and non-renewal. **You** may cancel this policy by returning it to **us**. **You** may also cancel by giving **us** advance written notice of when the cancellation is to take effect. **We** may cancel or not renew this policy by mailing notice to **you** at **your** last known address. Notice to **you** must be sent at least thirty (30) days before the cancellation or non-renewal date. If **you** fail to pay any premium when due, **we** may cancel this policy by mailing notice to **you** at **your** last known address at least ten (10) days in advance. The reason for any cancellation or non-renewal will be stated on the notice. Proof of mailing is proof of notice for purposes of this provision. The effective date and hour of cancellation stated on the notice or the time of surrender of the policy shall become the end of the **policy period**.

If **you** cancel the policy, the return premium will be computed on the basis of 90% of the pro-rata premium. If **we** cancel the policy, the return premium will be computed pro-rata.

**We** have no duty to solicit **your** renewal. If for any reason **you** do not apply for renewal of this policy the policy will end at its natural expiration date. This natural expiration will be considered **your** non-renewal of the policy and requires no notice from **us.** If **you** fail to pay the renewal premium in full on or before the renewal inception date **we** will not renew the policy and no further notice is required.

**J.** Assignment. **Your** interest in this policy is not assignable. If **you** die or become incompetent, this insurance shall terminate for such person but shall cover **your** legal representative as an **insured** with respect to liability previously incurred and covered by this insurance.

**K.** Bankruptcy or Insolvency. **Your** bankruptcy or insolvency shall not relieve **you** or **us** of any of **our** obligations hereunder. **Your** bankruptcy or insolvency shall not increase any amounts of money payable hereunder.

**L.** Examination of **Your** Books and Records. **We** may examine and audit **your** books and records as they relate to this policy during the **policy period** and up to three years following termination or expiration of the policy.

**M.** Terms Conform to Statute or Regulation. Any term of this policy that is in conflict with a statute or regulation of the state where the policy is issued is amended to conform to such statute or regulation.

**N.** Changes to **Your** Operations. This insurance is issued based on **your** written representation of **your** operations and services. **You** must notify **us** immediately, in writing, if there are any changes from those operations **you** previously described in **your application**, including changes in services, premises, locations, procedures or administrative responsibilities or changes in the status of **your** license(s) or certificate(s) to operate. Coverage for **claims** which result from **professional services** happening on or after the date of any of these changes is contingent upon this notification.

**O.** Entire Agreement. It is agreed that this policy, together with the Declarations, **endorsements** and the **application** as of the Inception Date of this Policy, constitute the entire agreement existing between the **us** and all **insureds**.

## Section X. Extended Reporting Period

014

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



If this policy is cancelled or non-renewed any **named insured** for whom separate Limits of Liability are indicated on the Schedule of Insureds shown on the Declarations may purchase an Extended Reporting Period Endorsement (hereinafter, "ERP Endorsement") for an additional premium. For the purposes of this section, the date of cancellation or non-renewal of this policy is referred to as the termination date.   **We** may decline to offer the ERP Endorsement if the cancellation or non-renewal occurs for any of the following reasons:

**A.**  Flat cancellation, in which **we** cancel the policy effective at policy inception;

**B.**  Midterm cancellation for non-payment of premium;

**C.**  **Your** failure to comply with policy provisions;

**D.**  Non-payment of a deductible;

**E.**  Failure to cooperate with **us;** or

**F.**  Fraud, **concealment** or material misrepresentation of facts in an **application.**

The ERP Endorsement will provide coverage for any **claim** first made during the extended reporting period, provided that the **claim** arose from an **incident** that first occurred on or after the applicable **retroactive date** and prior to the termination date.  If the ERP Endorsement is not purchased, there will be no coverage after the termination date.

ERP coverage shall terminate exactly one year (365 days) after the termination date unless a longer duration is specified by **endorsement** or on the Declarations**.**

The right to purchase such ERP Endorsement coverage must be exercised by written notice to **us** not later than thirty (30) days from the effective date of termination of this policy. Such written notice must include payment of the premium for the applicable ERP Endorsement coverage, as well as payment of all other premiums due to **us**. If such written notice is not so given to **us**, **you** shall not be entitled to exercise such right at a later date.

**We** will compute the additional premium for the ERP Endorsement coverage in accordance with **our** rules in effect on the termination date.  Subject to the requirements set forth in this policy, the ERP Endorsement coverage will be effective as of the termination date and will continue for a specified period thereafter. In purchasing the ERP Endorsement coverage, if **your** payment is dishonored, the ERP Endorsement coverage shall be void.

The entire additional premium for the ERP Endorsement coverage shall be deemed fully earned at the inception of the Extended Reporting Period.

Unless indicated differently in the ERP Endorsement, the Limits of Liability for the ERP Endorsement will be equal to the Per Claim Limit of Liability in effect on the termination date as set forth on the Declarations for this Policy. The Limits of Liability available under the ERP Endorsement is part of and not in addition to the Limits of Liability available under the last policy or renewal issued to the **named insured. Claims** made during the expiring **policy period** may reduce the Limit of Liability available under the ERP Endorsement.  The ERP Endorsement does not extend the **policy period** or change the scope of coverage provided under this policy nor does it increase or reinstate the Limits of Liability.  It only extends the period of time for reporting **claims** to **us** during the Extended Reporting Period. The ERP Endorsement is subject to all policy provisions in effect at the time of the termination of the **insured's** coverage.

## Section XI. Representations

**You** represent and acknowledge that the statements and information contained in the **application** for this policy are true and accurate; are the basis of this policy; are to be considered as incorporated into and constituting a part of this policy; and shall be deemed material to the acceptance of this risk or the hazard assumed by **us** under this policy.  This policy is issued in reliance upon the truth and accuracy of such representations.

**PROFESSIONAL LIABILITY INSURANCE POLICY**
FOR PHYSICIANS AND SURGEONS



In the event the **application** contains any misrepresentation or omission made with the intent to deceive or which materially affects either the acceptance of the risk or the hazard assumed by **us** under this policy, then this policy shall be void ab initio.

### Section XII. Assignment, Alteration and Headings

No change in, modification of, or assignment of interest under this policy shall be effective unless made by a written **endorsement** to this policy, which is signed by **our** authorized representative.

The titles and headings to the various clauses, sections, subsections, paragraphs, subparagraphs and **endorsements** of this policy are included solely for ease of reference and do not in any way limit, expand or otherwise affect the provisions or existence of such clauses, sections, subsections, paragraphs, subparagraphs or **endorsements**.

016

**Aspen Specialty Insurance Company**        ❖**Aspen**

IN WITNESS WHEREOF, the Insurer has caused this Policy to be signed by its President and Secretary and countersigned where required by law on the Declarations page by its duly Authorized Representative.

_____          _____
            Secretary                                              President

ASPCO098 0213        2013 ©Aspen Insurance U.S. Services Inc. All rights reserved.        Page 1 of 1

017

Aspen Specialty Insurance Company

## GENERAL SERVICE OF SUIT NOTICE

In the event of failure of the Company to pay any amount claimed to be due under the terms of this policy, the Company, at the request of the **Insured,** will submit to the jurisdiction of a court of competent jurisdiction within the United States.  Nothing in this condition constitutes or should be understood to constitute a waiver of the Company's rights to commence an action in any court of competent jurisdiction in the United States to remove an action to a United States District Court or to seek a transfer of a case to another court as permitted by the laws of the United States or of any state in the United States. In any suit instituted against the Company upon this policy, the Company will abide by the final decision of such court or of any appellate court in the event of appeal.

It is further agreed that service of process in such suit may be made upon: Aspen Specialty Insurance Management, Inc., c/o General Counsel, 175 Capital Blvd., Rocky Hill, CT 06067; (877) 245-3510; Questions can be directed to: Compliance.us@aspenspecialty.com

Further, pursuant to any statute of any state, territory, or district of the United States which makes provision therefore, the Company hereby designates the Superintendent, Commissioner or Director of Insurance, Secretary of State, or other officer specified for that purpose in the statute, as its true and lawful attorney upon whom service may be made of any lawful process in any action, suit, or proceeding instituted by or on behalf of the **Insured** or any beneficiary hereunder arising out of this policy of insurance and hereby designates the above named General Counsel as the person to whom the said officer is authorized to mail such process or a true copy thereof.

This notice does not change any other provision of the policy.

Aspen Specialty Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# OFAC ENDORSEMENT

In consideration of the premium charged, it is agreed that any payment under this Policy shall only be made in full compliance with all U.S.A economic or trade sanctions or other laws or regulations, including sanctions, laws and regulations administered and enforced by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC").

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.**

ASPCO021 0616          2016 © Aspen Insurance U.S. Services Inc. All rights reserved.          Page 1 of 1
Includes copyrighted material of ISO Properties, Inc. used with permission

**019**

Aspen Specialty Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**NOTICE OF INCIDENT**

This endorsement modifies insurance provided under the following:

Professional Liability Insurance Policy for Physicians and Surgeons

In consideration of the premium charged, it is agreed that:

I.   **Definitions,** item **D.** is deleted in its entirety and replaced with the following:

**Claim** means a demand for money or services received by **you** alleging an **injury** caused by an **incident** to which this insurance applies. **Claim** also means an **incident** that **you** report to **us,** which **you** reasonably believe may result in a demand for money or services. **Claim** does not include a demand for non-monetary or injunctive relief or any criminal proceeding. **Claims** can only arise from **professional services** within **your** profession as described on the Declarations.

II.  **Coverage Agreement,** item **d**. is deleted in its entirety.

III. The following is added to **Conditions:**

Notice of **incident.** If during the **policy period you** become aware of an **incident** which reasonably has the potential to result in a demand for money or services for which coverage may otherwise be afforded under this policy, **you** must give **us** written notice as soon as possible upon **your** first awareness of such **incident**, but within no more than thirty (30) days of that awareness or the end of the **policy period**, whichever is sooner. The notice **you** provide **us** shall describe the act, error or omission, and state the name of the patient or any other person involved, including any other persons for whom **you** may be responsible, together with the date(s) of the **incident**. Any **claim** that may be subsequently made against **you** arising from or based upon the **incident** described in the notice will be deemed to have first been reported during the **policy period** or the extended reporting period, if applicable.

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.**

ASPML006 1016          2016 © Aspen Insurance U.S. Services Inc. All rights reserved.          Page 1 of 1

020

Aspen Specialty Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS

This endorsement modifies insurance provided under the following:

Professional Liability Insurance Policy for Physicians and Surgeons

In consideration of the premium charged, it is agreed that:

In addition to the limit of **our** liability shown on the Declarations, **we** also will pay:

A.   All expenses incurred by **us** when defending any **claim** or **suit** covered by this policy, even if the policy indicates that **claim expenses** are included in the limits of liability;

B.   All court costs taxed against **you** in any **claim** or **suit** defended by **us**;

C.   Any interest incurred on that portion of a judgment covered under this policy and within the applicable Limits of Liability;

D.   Premiums on appeal bonds and premiums on bonds to release attachments in any **suit** subject to defense under this policy. The bonds must be for an amount not more than the limit of **our** liability, however, **we** have no obligation to furnish or obtain these bonds; and

E.   **We** will pay up to $1,000 a day for **your** loss of earnings when, with **our** consent, **you** suspend **your** professional physician practice to attend depositions, hearings or trials. This is subject to a maximum of $10,000 per **claim**.

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.**

021

Aspen Specialty Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**LIMITED CONSENT TO SETTLE ENDORSEMENT**

This endorsement modifies insurance provided under the following:

   Professional Liability Insurance Policy for Physicians and Surgeons

In consideration of the premium charged, it is agreed that:

**Section III. Defense and Settlement Clause** is deleted in its entirety and replaced with the following:

**We** have the right and duty to defend any **claim** or **suit** brought seeking **damages** against the **insured** for an **injury** caused by an **incident** covered by this policy. **We** have the right to appoint counsel and **we** may investigate any **claim** made or **suit** brought:

   **a.**   With the written consent of the **named insured**, **we** may settle any **claim** or **suit** against **you** as **we** believe may be proper, provided that this **Section III. a.** shall only apply to **you** if you are a physician. If we recommend a settlement to you that is acceptable to the claimant and you do not agree to the settlement, our liability is limited to the total of the amount of **damages** for which the **claim** could have been settled plus the amount of **claim expenses** incurred up to the time we made the settlement recommendation.

   **b.**   For all **insureds** other than physicians, **we** may settle any **claim** or **suit** at **our** discretion.

   **c.**   When required by law **we** will report **claim** settlements and judgements to the National Practitioners Data Bank or to other professional or state agencies.

**We** shall have no further defense or supplemental payment obligations under this policy after the applicable limits of liability, as stated in the Declarations, have been exhausted by the payment of judgments, settlements or **claim** expenses. **Your** consent shall not be required to make a settlement or payment after a judgment has been entered against **you**. In the event that **we** are unable to locate **you**, **we** shall have the right to settle a **claim** or **suit** against **you**.

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.**

Aspen Specialty Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXTENDED REPORTING PERIOD OPTIONAL PROVISIONS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

Professional Liability Insurance Policy for Physicians and Surgeons

In consideration of the premium charged, it is agreed that:

**Section X. Extended Reporting Period** is deleted in its entirety and replaced with the following:

If this policy is cancelled or non-renewed any **named insured** for whom separate Limits of Liability are indicated on the Schedule of Insureds shown on the Declarations may purchase an Extended Reporting Period Endorsement (hereinafter, "ERP Endorsement"), as described below, for an additional premium. For the purposes of this section, the date of cancellation or non-renewal of this policy is referred to as the termination date. **We** may decline to offer the ERP Endorsement if the cancellation or non-renewal occurs for any of the following reasons:

A.  Flat cancellation, in which **we** cancel the policy effective at policy inception;

B.  Midterm cancellation for non-payment of premium;

C.  **Your** failure to comply with policy provisions;

D.  Non-payment of a deductible;

E.  Failure to cooperate with **us;** or

F.  Fraud, **concealment** or material misrepresentation of facts in an **application.**

The ERP Endorsement will provide coverage for any **claim** first made during the extended reporting period; provided that the **claim** arose from an **incident** that first occurred on or after the applicable **retroactive date** and prior to the termination date. If the ERP Endorsement is not purchased, there will be no coverage after the termination date.

The ERP Endorsement coverage is available for the following duration(s):

A.  12 Months
B.  36 Months
C.  60 Months

The right to purchase such ERP Endorsement coverage must be exercised by written notice to **us** not later than thirty (30) days from the effective date of termination of this policy. Such written notice must include payment of the premium for the applicable ERP Endorsement coverage, as well as payment of all other premiums due to **us**. If such written notice is not so given to **us**, **you** shall not be entitled to exercise such right at a later date.

**We** will compute the additional premium for the ERP Endorsement coverage in accordance with **our** rules in effect on the termination date. Subject to the requirements set forth in this policy, the ERP Endorsement coverage will be effective as of the termination date. In purchasing the ERP Endorsement coverage, if **your** payment is dishonored, the ERP Endorsement coverage shall be void.

The entire additional premium for the ERP Endorsement coverage shall be deemed fully earned at the inception of the Extended Reporting Period.

Unless indicated differently in the ERP Endorsement, the Limits of Liability for the ERP Endorsement will be equal to the Per Claim Limit of Liability in effect on the termination date as set forth on the Declarations for this Policy. The Limits of Liability available under the ERP Endorsement are part of and not in addition to the Limits of Liability available under the

ASPML014 1016          2016 © Aspen Insurance U.S. Services Inc. All rights reserved.          Page 1 of 2

**023**

last policy or renewal issued to the **named insured. Claims** made during the expiring **policy period** may reduce the Limits of Liability available under the ERP Endorsement. The ERP Endorsement does not extend the **policy period** or change the scope of coverage provided under this policy; nor does it increase or reinstate the Limits of Liability. It only extends the period of time for reporting **claims** to **us** during the extended reporting period. The ERP Endorsement is subject to all policy provisions in effect at the time of the termination of the **insured's** coverage.

**We** will provide the ERP Endorsement coverage free of charge to **you** or **your** estate if any one of the following occur:

**A.** **You** die. In the event of **your** death, and within ninety (90) days after such death, written notification must be provided to **us** that the ERP Endorsement coverage set forth under this **Section X.**, is desired; provided that such written notification must:

   **1.** Include proof of such death in order for the ERP Endorsement to be issued; and

   **2.** Be provided by any **insured** or **your** estate.

**B.** **You** become totally and permanently disabled and are unable to continue **your** duties as a licensed professional in **your** specialty; provided that, within ninety (90) days after such disability **we** receive written notification by **you** that the ERP Endorsement coverage set forth under this **Section X.**, is desired.

   Such written notification must include written documentation from a health care provider confirming **your** disability.

**C.** **You** retire from practice, are at least fifty-five (55) years of age, and have five (5) years of continuous claims-made coverage with **us.**

   **1.** Within ninety (90) days after such retirement **we** receive written notification by **you** that the ERP Endorsement coverage set forth under this **Section X.**, is desired; and

   **2.** Retirement means the complete and permanent withdrawal from the practice of medicine. If **you** receive ERP Endorsement coverage free of charge for retirement and later resume the practice of medicine, **you** must notify **us** of **your** intention to resume the practice of medicine, and the ERP Endorsement coverage will be canceled as of the date **you** resume the practice of medicine.

   Retirement does not include **your** retiring from the practice of medicine due to:

   **i.** **Your** license being involuntary taken away or revoked;

   **ii.** Revocation of **your** license;

   **iii.** Denied renewal of **your** license;

   **iv.** Disciplinary relinquishment of **your** license;

   **v.** Suspension of **your** license; or

   **vi.** **Your** license being placed on voluntarily inactive status.

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.**

024

Aspen Specialty Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**GENERAL CHANGE ENDORSEMENT**

This endorsement modifies insurance provided under the following:

   Professional Liability Insurance Policy for Physicians and Surgeons

In consideration of the premium charged, it is agreed that:

Includes coverage for major surgical procedures performed prior to December 31, 2017.

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.**

025

Aspen Specialty Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION OF SPECIFIED CLAIMANT OR CIRCUMSTANCE**

This endorsement modifies insurance provided under the following:

    Professional Liability Insurance Policy for Physicians and Surgeons

In consideration of the premium charged, it is agreed that:

Despite any other provision of this policy, this policy does not apply to any **claim** arising out of, based upon or attributable to, in whole or in part, or in any way involving, any **professional services** rendered or which should have been rendered to the following patient(s):

John Malinich

This exclusion also applies to claims made by the spouses, heirs, family members and guardians of the above named patient(s).

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.**

**026**

Aspen Specialty Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED ENDORSEMENT**

This endorsement modifies insurance provided under the following:

Professional Liability Insurance Policy for Physicians and Surgeons

In consideration of the premium charged, it is agreed that:

The entity(ies) or person(s) set forth in the Additional Insured Schedule below is an additional **insured** under this policy, subject to the following provisions:

1. The Limits of Liability are not increased by naming the additional **insured** in this **endorsement**. The limits of liability of the policy shall be shared by the **insured** and additional **insured** endorsed to this policy;

2. Endorsement of this additional **insured** on any other primary professional liability policy issued by **us** shall not increase the limits of liability shared by the additional **insured** for a **claim** under this policy. This policy as endorsed shall not afford:

    a. Coverage to any other **insured** or additional **insured** under any other primary professional liability policy issued by **us**; or

    b. Coverage to this additional **insured** under any other primary professional liability policy issued by **us**; and

3. In the event of an indemnity payment on behalf of **a named insured** for a **claim**, this policy shall cease to provide defense or indemnity to any additional **insured** for the same **claim**.

**ADDITIONAL INSURED SCHEDULE**

| Name and Address | Effective Date | Retroactive Date |
|---|---|---|
| Minimally Invasive Vascular Center of Maryland,LLC | 10/09/2021 | 04/01/2019 |

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.**

ASPML030 1016          2016 © Aspen Insurance U.S. Services Inc. All rights reserved.          Page 1 of 1